UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS H. SPITTERS,

    Plaintiff,

    v.

SPITTERS, et al.,

    Defendants.

Case No. 25-cv-03837-PCP

**ORDER DISMISSING CASE**

    Pro se plaintiff Thomas H. Spitters filed an application to proceed in forma pauperis—i.e., without paying the otherwise mandatory filing fee. For the reasons below, the Court grants Mr. Spitters' application. As required by 28 U.S.C § 1915(e)(2), the Court also screens Mr. Spitters' complaint. Because the complaint does not provide a basis for the Court's subject-matter jurisdiction, and because the Court previously granted Mr. Spitters leave to amend the complaint to cure this deficiency, the Court dismisses the case. Because the dismissal is for lack of subject-matter jurisdiction, the dismissal is without prejudice. The Court also provides instructions should Mr. Spitters wish to remove his pending case from state to federal court.

## BACKGROUND

    Thomas H. Spitters filed this action against defendant Gary Loebner and unspecified members of the Spitters family. He alleges, among other things, that defendants are misspending his savings, requiring him to undergo unnecessary medical treatment, and subjecting him to spurious litigation in state court. His complaint asserts five claims: (1) "[l]ack of due care; neglect; dereliction"; (2) "[v]iolation of duty of loyalty"; (3) "[l]ack of due diligence"; (4) "[b]y agency, violation of the imperative 'not to harm'"; and (5) "[v]iolations of fiduciary duty or duties."

    Mr. Spitters seeks to proceed in forma pauperis. Because he initially submitted an incomplete application to proceed in forma pauperis, the Court previously ordered him to refile a

1  complete application by no later than August 14, 2025. *See* Dkt. No. 13. In that order, the Court

2  also explained that—if it approved Mr. Spitters' application to proceed in forma pauperis—it

3  would be required to screen his complaint pursuant to 28 U.S.C § 1915(e)(2). Because Mr.

4  Spitters' complaint did not provide a clear basis for the Court's subject-matter jurisdiction, the

5  Court granted Mr. Spitters leave to amend the complaint by no later than August 14, 2025.

6      Mr. Spitters responded by filing a complete application to proceed in forma pauperis. Mr.

7  Spitters declined to file an amended complaint. When filing his renewed application to proceed in

8  forma pauperis, Mr. Spitters also stated a desire to remove a case in which he is a defendant from

9  state court to this Court.

## LEGAL STANDARD

28 U.S.C. § 1915 permits a court to authorize a plaintiff to proceed in forma pauperis if the plaintiff shows that they cannot afford the fees necessary to pursue an action. See 28 U.S.C. § 1915(a)(1). The Court, however, must screen every civil action brought in forma pauperis under § 1915 and must dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000).

## ANALYSIS

**I.    Mr. Spitters has satisfied the requirements to proceed in forma pauperis.**

Mr. Spitters' renewed application to proceed in forma pauperis establishes that he is unable to pay the Court's filing fee due to a lack of employment, savings, or other financial resources. Pursuant to 28 U.S.C. § 1915(a)(1), the Court therefore grants his application to proceed in forma pauperis.

**II.    Mr. Spitters' complaint does not provide any basis for the Court's subject-matter jurisdiction, requiring dismissal.**

Because Mr. Spitters is proceeding in forma pauperis, the Court must screen his complaint pursuant to 28 U.S.C. § 1915(e)(2). The Court is required to dismiss the complaint if it lacks subject-matter jurisdiction. Indeed, because the Court must always ascertain the presence of subject-matter jurisdiction, it would be required to conduct this inquiry even in the absence of an

1  application to proceed in forma pauperis. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Here, Mr. Spitters' complaint does not provide a clear basis for the Court's subject-matter jurisdiction, necessitating dismissal. *See Pratt v. Simmer,* 807 F.2d 817, 819 (9th Cir. 1987).

Federal courts "are courts of limited jurisdiction" and may decide cases only within the limits prescribed by the Constitution and Congress. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As potentially relevant here, Congress has conferred subject-matter jurisdiction to the federal courts in two types of cases. First, federal courts have jurisdiction if the complaint involves a federal question. 28 U.S.C. § 1331. Second, a federal court has "diversity jurisdiction" over state law claims if the suit is between parties from two different states and the amount in controversy exceeds $75,000. *Id.* § 1332.

Mr. Spitters' complaint does not provide a clear basis for federal-question jurisdiction. All of his claims appear to be tort claims arising under state law. *See Lietzke v. Greyhound Lines, Inc.*, No. 18-cv-06197, 2019 WL 144586, at *1 (N.D. Cal. Jan. 9, 2019). Mr. Spitters does not allege any violation of a federal statute, and his complaint does not otherwise appear to implicate federal law.

Nor does Mr. Spitters' complaint provide a clear basis for diversity jurisdiction. For the Court to exercise diversity jurisdiction, there must be complete diversity between the parties—i.e., no plaintiff can be a citizen of the same state as any defendant. *Demarest v. HSBC Bank USA*, 920 F.3d 1223, 1226 (9th Cir. 2019). In this case, both Mr. Spitters and defendant Gary Loebner reside in California.

The complaint as currently pleaded therefore does not provide a colorable basis for this Court's subject-matter jurisdiction. Accordingly, the Court must dismiss the case. *See Pratt,* 807 F.2d at 819. The Court previously alerted Mr. Spitters to the likely lack of jurisdiction and granted leave to amend the complaint. *See* Dkt. No. 13. Mr. Spitters declined to amend. The Court therefore dismisses the case without leave to amend. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (instructing that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies," before the case is dismissed).

United States District Court
Northern District of California

### III. If Mr. Spitters wishes to remove a state-court case, he must follow the process detailed in 28 U.S.C. § 1446.

Mr. Spitters has repeatedly asked the Court to remove a pending state-court case against him to federal court. But federal district courts have no authority to order removal. If Mr. Spitters wishes to remove the state-court case, he must follow the process described in 28 U.S.C. § 1446. For Mr. Spitters' benefit, the Court summarizes that process below.

Mr. Spitters should first determine whether the state-court case is removable. Under 28 U.S.C. § 1441(a), a state-court case may be removed only if it could originally have been filed in federal district court. Thus, Mr. Spitters may not remove his state-court case unless a federal court would have had original jurisdiction over the suit through federal-question or diversity jurisdiction. *See* 28 U.S.C. §§ 1441(a), 1331, 1332(a). The requirements for each type of jurisdiction are described above.

If the state-court case is removable, Mr. Spitters should determine whether the deadline has passed for removal. A defendant seeking to remove a state-court case usually must do so within 30 days of receiving the summons or complaint. *See* 28 U.S.C. § 1446(b)(1). If a case is not removable based on the original complaint but later becomes removable, the defendant may remove within 30 days after receiving the filing that first shows a basis for removal. *See id.* § 1446(b)(3). The Court encourages Mr. Spitters to read 28 U.S.C. § 1446 to determine the deadline for removal of his state-court case.

If the deadline for removal has not passed, Mr. Spitters may remove his state-court case by filing a notice of removal in the federal district court that covers the geographic area in which the state-court case is pending. *See id.* § 1446(a). This notice should be filed as a new federal-court case, *not* as part of Mr. Spitters' existing case in this Court. The notice must be signed pursuant to Federal Rule of Civil Procedure 11 and must contain a short and plain statement of the grounds for removal. *Id.* When filing the notice, Mr. Spitters should attach a copy of all of the service-of-process documents, pleadings, and orders from the state-court action. *Id.*

## CONCLUSION

For the foregoing reasons, the Court grants Mr. Spitters' application to proceed in forma pauperis and, after screening the complaint pursuant to 28 U.S.C. § 1915(e)(2), dismisses the case

4

for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**

Dated: September 16, 2025

P. Casey Pitts
United States District Judge